1C

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

Ronald Urban,
Plaintiff,
vs.

Robert Berlin;
DuPage County State's Attorney's Office;
Thomas Stefanson;
Thomas Hogan;
J. Patrick Nelson;
Mary Ellen Urban,
Defendants,

Case No.

1:26-cv-00043
Judge Sunil R. Harjani
Magistrate Judge Maria Valdez
RANDOM / Cat. 2

FILED
JAN 05 2026 mm
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT

## I. INTRODUCTION

This is a civil-rights action under 42 U.S.C. § 1983 arising from a coordinated course of retaliatory and coercive conduct following Plaintiff's protected regulatory complaints concerning criminal contractor fraud.

After Plaintiff reported severe and dangerous contractor misconduct to the Illinois Attorney General and the Illinois Department of Financial and Professional Regulation ("IDFPR"), Defendants responded not by investigating the reported crimes, but by advancing false counter-narratives, denying police services to Plaintiff, and weaponizing emergency, surveillance, and protective mechanisms against the complaining victim. The retaliatory conduct diverted scrutiny from documented fraud, suppressed Plaintiff's credibility, and insulated third parties from accountability.

Defendants used false statements, denial of police services, misuse of emergency mechanisms, pursuit or concealment of electronic surveillance based on fabricated narratives, warrantless seizure and search of litigation materials, and procedural obstruction that foreclosed any mechanism to confirm or challenge surveillance. These acts deprived Plaintiff of rights secured by the First, Second, Fourth, and Fourteenth Amendments.

Defendants further imposed and perpetuated false mental-health labels under color of law—approved by supervisors and repeated in court filings and orders—causing continuing deprivation of liberty, property, firearm rights, and civil status in violation of the Fourteenth Amendment under the stigma-plus doctrine.

Plaintiff seeks declaratory relief, damages, and narrowly tailored injunctive relief to correct ongoing constitutional injuries embedded in official records.

---

## II. JURISDICTION AND VENUE

Jurisdiction lies under 28 U.S.C. §§ 1331 and 1343.

Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in DuPage County, Illinois.

---

## III. PARTIES

Plaintiff Ronald R. Urban is an Illinois resident.

Defendant Robert Berlin is the DuPage County State's Attorney and acted under color of state law.

Defendant DuPage County State's Attorney's Office ("SAO") is a municipal entity responsible for prosecutorial policy, supervision, and enforcement.

Defendant Thomas Stefanson is the Chief of Police of Woodridge, Illinois, and acted under color of state law.

Defendant Thomas Hogan is a police officer with the Woodridge Police Department and acted under color of state law.

Defendant J. Patrick Nelson is a private attorney who acted jointly with state actors and through misuse of state judicial processes.

Defendant Mary Ellen Urban is a private individual who acted jointly with state actors.

---

## IV. FACTUAL ALLEGATIONS

### A. Protected Activity and Retaliation

In May 2020, Plaintiff filed consumer and regulatory complaints with the Illinois Attorney General and IDFPR regarding contractor fraud.

The reported misconduct was severe and criminal in nature, including code-deficient and dangerous workmanship, misuse of adhesive, placement of fasteners improperly through construction materials and electrical components creating electrocution and fire hazards, removal or concealment of purchased materials, and refusal to remediate defects and contractual nonperformance after demand. Plaintiff suffered losses exceeding $17,000. Manufacturer documentation, photographs, and contemporaneous communications confirmed the falsity of later denials.

The reports exposed the contractor to civil liability and potential criminal prosecution, creating a motive for retaliatory diversion and false counter-narratives.

Following these complaints, Plaintiff experienced retaliation, including intimidation, denial of police services, false narratives advanced by state actors, and misuse of emergency and protective mechanisms. Defendant Berlin and the SAO declined to investigate crimes reported by Plaintiff and knowingly tolerated, ratified, or relied upon retaliatory conduct designed to discredit Plaintiff and suppress inquiry.

---

## B. False Narratives and Police Action

Defendants Stefanson and Hogan relied upon and enforced a falsified Clear and Present Danger report, refused to take Plaintiff's reports or assign report numbers, and advanced a false mental-health narrative despite the absence of medical evidence and despite contrary facts.

Defendants Nelson and Mary Ellen Urban introduced false sworn statements and improper evidentiary documents into court proceedings, knowingly amplifying these narratives to obtain coercive leverage, exclusionary orders, and adverse judicial action against Plaintiff.

---

## C. Concrete Harms

As a result, Plaintiff was removed from his home, deprived of lawful firearm rights, denied police protection, impaired in access to courts and counsel, and suffered reputational, financial, and liberty harms.

---

## D. Warrantless Seizure and Search of Litigation Materials

After Plaintiff was excluded from his residence based on false sworn statements, Mary Ellen Urban took custody and control of Plaintiff's litigation materials, including a memory storage device, litigious evidentiary materials, and documents prepared for this action and for pending divorce and Order of Protection proceedings.

Urban's unilateral custody deprived Plaintiff of access to evidence essential to prosecute claims and defenses.

Urban provided materials to Thomas Hogan, who accepted, seized, and searched the contents without a warrant, consent, inventory, receipt, or judicial authorization.

Plaintiff received no notice of the seizure, no receipt or inventory, and no opportunity to contest the search.

Both Thomas Hogan and Thomas Stefanson were notified and aware of imminent litigation related to the unlawful seizure and jointly refused to return Plaintiff's data or remedy the violation, despite

knowing the materials consisted of litigation evidence and attorney-related records. Stefanson approved, adopted, and ratified the continued retention of the materials.

Plaintiff was later severely penalized in court for lack of critical evidence even though Defendants orchestrated Plaintiff's exclusion from the residence and deprived him of access to evidence seized and retained through state action and government-sponsored control.
That deprivation was maintained through the willful pursuit and extension of the Order of Protection by J. Patrick Nelson and Mary Ellen Urban, which continued to bar Plaintiff's access to evidence notwithstanding Plaintiff's motions seeking access, which were denied, and which remained in effect through and beyond the period of trial.

---

## E. Procedural Foreclosure of Any Mechanism to Challenge Electronic Surveillance

Plaintiff invoked compulsory process in state court to determine whether electronic surveillance existed.

Defendants provided a sham, unsworn response lacking any description of search parameters, agencies queried, custodians, repositories, or date ranges.

Plaintiff moved to compel fulfillment or sworn response. The court deferred ruling until trial and then denied the motion, leaving Plaintiff without any forum to confirm or challenge surveillance and material aspects of the case.

The use of secrecy and obstruction was particularly abusive because Plaintiff was the reporting victim of contractor fraud, not a criminal suspect. This constituted a completed procedural due-process injury and interference with access to courts, independent of later proof of predatory and manipulative surveillance.

---

## F. Stigmatizing Mental-Health Labels Under Color of Law

Thomas Hogan, acting under color of law, falsely characterized Plaintiff as schizophrenic, delusional, paranoid, and suicidal without medical basis.

Thomas Stefanson approved, adopted, or ratified these state-generated labels and failed to correct them despite notice.

J. Patrick Nelson and Mary Ellen Urban knowingly repeated and relied upon these labels in sworn filings and advocacy to obtain and extend an Order of Protection and to bias the court.

The stigmatization was used to justify exclusion from the home, restrict access to evidence, and deprive Plaintiff of liberty, property, Second Amendment rights, and access to courts. The labels remain embedded in official records, causing ongoing stigma-plus injury.

---

## G. Nonconsensual Recording and Suppression of Evidence

Before Plaintiff was removed from his residence, Mary Ellen Urban made nonconsensual audio and/or video recordings in private areas of the home, including recordings of Plaintiff while unclothed.

The recordings were made without consent or lawful authority. Information derived from them was used to advance false narratives, influence court proceedings, interfere with Plaintiff's legal position, and support Plaintiff's exclusion from his home. Defendants further used the existence and content of these recordings as a coercive tool, including to pressure Plaintiff for monetary payment not ordered or otherwise authorized by any court. The demand for such payment was never reduced to a written court order or memorialized in any judicial ruling, leaving Plaintiff without a formal mechanism to challenge or appeal it.

J. Patrick Nelson knowingly relied upon or utilized information derived from these unlawful recordings in litigation conduct. The recordings contained material that would have impeached Petitioner's narrative, which was a principal reason Plaintiff sought their production. Plaintiff subpoenaed the recordings and moved to compel; the court denied the motion, preventing Plaintiff from confronting narratives advanced against him. Separately and independently, the existence and retention of nonconsensual nude recordings constituted an unlawful and inherently coercive condition, as such materials are illegal to possess or deploy and were used to pressure Plaintiff outside any lawful process.

Law-enforcement officials were notified and refused to investigate, permitting reliance on unlawfully obtained intimate material without authorization, violating the Fourth and Fourteenth Amendments.

---

## H. Interference with U.S. Mail and Use of Illegally Obtained Materials

During the period Plaintiff was excluded from his residence, Plaintiff was deprived of access to U.S. mail addressed to him, including legal correspondence, financial records, and materials relevant to ongoing court proceedings.

Evidentiary items of Plaintiff's mail were taken, concealed, or diverted without Plaintiff's knowledge or consent.

Defendant J. Patrick Nelson thereafter utilized, relied upon, or introduced materials derived from Plaintiff's diverted mail in court proceedings and litigation advocacy, despite knowing Plaintiff had been deprived of possession and access.

This interference further impaired Plaintiff's access to courts, evidence and critical communications.

---

## I. False Order of Protection and Second Amendment Deprivation

Under false pretenses, Mary Ellen Urban and J. Patrick Nelson pursued and maintained a plenary Order of Protection unsupported by statutory criteria. The Order functioned as a civil-status deprivation, excluding Plaintiff from his home and depriving him of Second Amendment rights without constitutionally adequate process.

---

## V. COUNTS

### COUNT I — 42 U.S.C. § 1983

**First Amendment Retaliation**

(Against Robert Berlin and DuPage County State's Attorney's Office)

Plaintiff engaged in constitutionally protected activity by filing consumer-protection and regulatory complaints with the Illinois Attorney General and IDFPR concerning criminal contractor fraud.

Defendants Berlin and the DuPage County State's Attorney's Office took adverse actions that would deter a person of ordinary firmness from engaging in such protected activity, including declining to investigate reported crimes, tolerating or relying upon false counter-narratives about Plaintiff, denying police services, and pursuing or concealing investigative and surveillance measures directed at the complaining victim rather than the alleged wrongdoer.

These adverse actions were motivated by Plaintiff's protected activity and were undertaken in retaliation for Plaintiff's complaints, causing concrete injury including exclusion from his home, reputational harm, loss of constitutional rights, and interference with access to courts.

---

### COUNT II — 42 U.S.C. § 1983

**Fourteenth Amendment — Procedural Due Process & Access to Courts**

(Against All Defendants)

Plaintiff possessed protected liberty and property interests, including the right to remain in his home, to possess and present evidence, to access courts and counsel, and to be free from warrantless searches and seizures.

Defendants deprived Plaintiff of these interests without meaningful notice or a fair opportunity to be heard, including through warrantless seizure and search of litigation materials, refusal by Thomas Hogan and Thomas Stefanson to return seized evidence, diversion or concealment of Plaintiff's mail, provision of sham unsworn responses to compulsory process, and procedural obstruction foreclosing any mechanism to confirm or challenge electronic surveillance.

These actions collectively and individually foreclosed Plaintiff's ability to meaningfully prosecute claims or defend against false allegations, constituting a completed denial of procedural due process and access to courts.

---

### COUNT III — 42 U.S.C. § 1983

**Second Amendment Deprivation**

*(Against Thomas Stefanson, Thomas Hogan, J. Patrick Nelson, and Mary Ellen Urban)*

Plaintiff was a law-abiding individual entitled to possess firearms and exercise Second Amendment rights.

Defendants deprived Plaintiff of lawful firearm possession and Second Amendment civil status through the enforcement and perpetuation of false allegations, misuse of emergency and protective mechanisms, exclusion from Plaintiff's home, and reliance on stigmatizing narratives unsupported by statutory criteria or constitutionally adequate process.

Defendants Hogan and Stefanson acted under color of law to enforce and maintain these deprivations, while Defendants Nelson and Mary Ellen Urban knowingly pursued and extended the underlying protective mechanisms through false sworn statements and misuse of judicial process.

Plaintiff was deprived of his Second Amendment rights without notice, a meaningful opportunity to be heard, or any lawful adjudication establishing disqualifying conduct, in violation of the Second and Fourteenth Amendments.

---

## COUNT IV — 42 U.S.C. § 1983

**Fourteenth Amendment — Stigma-Plus Due Process**

(Against Hogan, Stefanson, Nelson, and Mary Ellen Urban)

Defendants imposed and perpetuated false mental-health stigma under color of law, which was accompanied by concrete deprivations including loss of housing, firearm rights, evidence access, legal standing, and reputational harm, constituting a stigma-plus violation of the Fourteenth Amendment.

---

## COUNT V — 42 U.S.C. § 1983

**Municipal and Supervisory Liability (Monell)**

(Against DuPage County State's Attorney's Office and Thomas Stefanson)

The constitutional violations were caused by policies, practices, or customs including ratification of false mental-health labeling, failure to train or supervise regarding evidence handling and due-process limits, and tolerance of retaliatory misuse of emergency and investigative mechanisms. These policies and practices were the moving force behind Plaintiff's injuries.

---

## COUNT VI — 42 U.S.C. § 1983

**Conspiracy to Deprive Constitutional Rights**

*(Against All Defendants)*

Defendants reached an understanding and engaged in a coordinated course of conduct to deprive Plaintiff of rights secured by the First, Second, Fourth, and Fourteenth Amendments.

In furtherance of the conspiracy, Defendants committed overt acts including but not limited to advancing false narratives; denying police services; misusing emergency and protective mechanisms; seizing and retaining Plaintiff's litigation materials; refusing to return evidence; suppressing exculpatory recordings; extending exclusionary orders without lawful basis; and foreclosing procedural avenues to challenge surveillance, stigma, and evidence deprivation.

Defendants acted jointly and under color of law, or in concert with state actors, with the shared objective of retaliating against Plaintiff for protected activity, discrediting Plaintiff, excluding Plaintiff from his home, and impairing Plaintiff's access to courts and constitutional rights.

As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered the constitutional injuries and damages alleged herein.

---

## VII. RELIEF REQUESTED

Plaintiff requests declaratory relief, compensatory and punitive damages, injunctive relief requiring correction or expungement of false mental-health labels, return of unlawfully seized materials and confirmation of destruction of copies, sworn confirmation or denial of electronic surveillance with in camera submission if applicable, cessation of reliance on falsified reports, costs and fees under 42 U.S.C. § 1988, and such other relief as the Court deems just.

---

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

---

Respectfully submitted,

Ronald Urban
Plaintiff, Pro Se
6916 Williams Drive
Woodridge, IL 60517
Phone: 714-321-3893
Email: lawrecords@proton.me